UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JUNIOR SMITH,

    Petitioner,

v.

ADAM DOUGLAS,

    Respondent.

Case No. 24-10625
Honorable Shalina D. Kumar
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER TRANSFERRING PETITION FOR A WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION**

    Petitioner John Junior Smith, presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions for second-degree murder, Mich. Comp Laws § 750.317, carrying a concealed weapon, Mich. Comp Laws § 750.227, and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp Laws § 750.227b. Because the Court finds that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the United

States Court of Appeals for the Sixth Circuit so that petitioner may seek permission to proceed.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court. Following the exhaustion of his state appellate court remedies, petitioner filed a petition for a writ of habeas corpus, which was denied on the merits. *Smith v. Sherry,* No. 04-cv-71336 (E.D. Mich. Nov. 29, 2005); *app. dism.* No. 06-1034 (6th Cir. Sep. 13, 2006); *cert. den.* 552 U.S. 857 (2007). Petitioner again seeks habeas relief for these convictions.

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.  An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court

without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017)(stating that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ... requires petitioners challenging state court judgments to seek

authorization in a federal appeals court before filing a 'second or successive' petition in district court").

The Court acknowledges that even if petitioner's current claims could have been brought previously, the current petition would not be a "second or successive" within the meaning of § 2244(b) if his first petition was dismissed for lack of jurisdiction, as unexhausted, or for similar reasons. *See* Brian R. Means, Federal Habeas Manual §§ 11:54–11:61 (2017); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998). Because Petitioner's prior habeas petition was dismissed because the claims lacked merit, the prior habeas petition counts toward the second-or-successive petition limitation. *See* Means, supra at §§ 11:48, 11:50; *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010)("Because Garner's initial habeas petition was decided 'on the merits,' his recent filings in our court are properly deemed a 'second or successive' petition.").

Accordingly, the Clerk of Court is **DIRECTED** to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

**IT IS SO ORDERED.**

Dated: May 30, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge